# GEORGE S. LATIMER

## *v.*

# UNITED STATES.

San Juan, Equity, No. 650.

1. Scrap tobacco consisting of warehouse or storehouse scrap or sweepings, but which can be cleaned and utilized to make a cheap grade of stogies or cigarettes, is more properly dutiable at fifty-five cents per pound under paragraph 215 of the tariff act of July 24th 1897, as tobacco "unmanufactured, not especially provided for," than at ten per centum ad valorem under paragraph 463 of the same act as "waste not specially provided for."
2. Such an importation is still tobacco, and nothing but tobacco, and the fact that it has dirt mixed with it does not change its character.

Latimer v. United States.

3. In such case the ruling of the Supreme Court of the United States in Seeberger v. Castro, 153 U. S. 32, 38 L. ed. 624, 14 Sup. Ct. Rep. 766, is controlling.

Opinion filed September 7, 1909.

---

*Hatch & Clute* (*Walter F. Welch,* of counsel), for the appellant.

*J. R. F. Savage,* United States Attorney, for the United States.

RODEY, Judge, delivered the following opinion:

This is an appeal by an importer from a decision of the Board of United States General Appraisers at New York, overruling the importer's protest against a classification by the collector of customs at San Juan, Porto Rico. The importation was of one bale of scrap tobacco. The collector classified it under paragraph 215 of the tariff act of July 26, 1897, as tobacco "unmanufactured, not specially provided for" and assessed a duty against it at the rate of fifty-five cents per pound. The paragraph referred to reads as follows: "215. All other tobacco manufactured or unmanufactured, not specially provided for in this act, fifty-five cents per pound."

The importer claimed that the collector of customs ought to have classified this importation as "Waste," and assessed duties against it under paragraph 463 of the act which reads as follows: "463. Waste, not specially provided for in this act, ten per centum ad valorem."

The only description of the merchandise imported that is given us in the record is that it was called on the invoice, "one

Latimer v. United States.

bale of scrap tobacco," and it is further described in the letter of the collector of customs to the Board of General Appraisers at New York, which reads as follows:

United States Customs Service.

Port of San Juan, P. R.

March 30, 1909.

The Board of U. S. General Appraisers,

641 Washington Street,

New York, N. Y.

Gentlemen:—

I submit herewith the protest of Geo. S. Latimer, by Hatch, and Clute, attorneys, 100 Broadway, New York, No. 305, against the assessment of duty as made by this office on a certain bale of tobacco imported per Cuban Str. "Julia" March 16th, 1909.

Before returning said merchandise, it being understood by this office that the importation was a test one, experts of the Porto Rican American Tobacco Company, were summoned, who stated that the article under discussion was without doubt warehouse or storehouse scrap or sweepings, which is even a lower grade of tobacco than factory or table scrap. They stated, however, that after cleaning it could be utilized to make a cheap grade of stogies or cigarettes, in accordance with which letter statement par. 216 "All other tobacco, manufactured or unmanufactured, not specially provided for" seems to cover the case more specifically than par. 463, "waste, not specifically provided for."

Respectfully,

D. E. Richardson,

Collector of Customs.

Both sides have filed painstaking arguments and briefs, in which all adjudicated cases and the provisions of the different tariff acts that can in any manner throw any light upon the issue are fully set forth and intelligently commented on.

We have given quite careful attention to both of these arguments, and are constrained to conclude that the collector of customs and the Board of General Appraisers were right.

Paragraph 215 under which the collector of customs classified this importation is one of the paragraphs of schedule F, of the tariff act of 1897, which refers exclusively to tobacco, while paragraph 463 is the last paragraph, just before the free list, in what is entitled in that act as "Miscellaneous manufactures." In our opinion therefore the "Waste" referred to in paragraph 463 is waste that cannot be classified under any of the other schedules, and that is not specially provided for therein.

We think the waste referred to in this latter paragraph is waste and scraps of different commodities that could be put to some new or different use than that to which its main constituent part could ordinarily be put. In other words, the use to which the imported commodity can be put is a strong indication of the classification it ought to receive. The letter of the collector shows that the merchandise in question, after cleaning, could be utilized to make a cheap grade of stogies or cigarettes. It can be seen, therefore, that the importation is still tobacco and nothing but tobacco, and the fact that it has dirt mixed with it does not change its character. The mica case referred to in appellants brief, is not in point, because it will be seen from the tariff act of 1897 that the only provision relating to mica was fixing a duty on unmanufactured or rough trimmed mica,

and on cut or trimmed mica, and therefore the scraps or dust thereof was neither the one nor the other, and of course it was not specially provided for.

Counsel for the government in this case contends that the ruling of the Supreme Court of the United States in Seeberger v. Castro, 153 U. S. 32, 38 L. ed. 624, 14 Sup. Ct. Rep. 766, is controlling. Counsel for appellant contends that the issue as here raised has never been passed upon by any court, and that the point involved was not passed upon in the case referred to.

We have read the Seeberger Case with some care, and think the point here at issue was passed upon, and the case for that reason is of course controlling, but independent of this, on the merits, we believe as stated, that the collector of customs was right. An order will, therefore, be entered affirming the decision of the Board of General Appraisers.